# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RONALD E. ELLIS,**

    **Plaintiff,**

vs.                                            **Case No. 4:07cv139-SPM/WCS**

**R. WILEY, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint. Doc. 1. As Plaintiff has paid the assessed initial partial filing fee, the complaint has now been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff is a federal inmate who is currently incarcerated in West Virginia. Doc. 1. Plaintiff lists three Defendants on his civil rights action, all of whom have addresses in Atlanta, Georgia. *Id.* The events about which Plaintiff complains occurred at the United States Penitentiary in Atlanta, Georgia. Because Atlanta is located within the Northern District of Georgia, as are each of the Defendants, the proper forum for this action

pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 90(a) is in the United States District Court for the Northern District of Florida, Atlanta Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The issue of defective venue may be raised *sua sponte*. See Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.") Thus, it is recommended that this case be transferred and not dismissed.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Northern District of Georgia, Atlanta Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 16, 2007.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**